**No. 64399.**—Sylvan Lang *v.* United States, protest 58/13852 (San Antonio).

DONLON, Judge: Plaintiff purchased in France and imported into the United States a statuary which was cast in bronze, the professional production of the sculptor Pablo Picasso. The imported statuary was numbered 8th of the 10 castings which were produced. It appears that two of these castings were previously imported into the United States, the present importation being the third.

It was stipulated that all 10 castings are of equal dignity and merit and that this, the 8th, is identical in all material respects with the other 9 castings.

The collector assessed this importation with duty at 10 per centum ad valorem under paragraph 1547(a)(2) of the Tariff Act of 1930, as modified. Plaintiff, by timely protest, claims free entry under paragraph 1807.

Paragraph 1807 provides, in pertinent part, as follows:

\* \* \* original sculptures or statuary, including not more than two replicas or reproductions of the same; but the terms "sculpture" and "statuary" as used in this paragraph shall be understood to include professional productions of sculptors only, whether in round or in relief, in bronze, marble, stone, terra cotta, ivory, wood, or metal, or whether cut, carved, or otherwise wrought by hand from the solid block or mass of marble, stone, or alabaster, or from metal, or cast in bronze or other metal or substance, or from wax or plaster, made as the professional productions of sculptors only; and the words "painting," "drawing," "sketch," "sculpture," and "statuary" as used in this paragraph shall not be understood to include any articles of utility or for industrial use, nor such as are made wholly or in part by stenciling or any other mechanical process; \* \* \*.

Although plaintiff requested time in which to file a brief, which request was granted, the brief was not filed. Defendant has filed its brief with the court.

It is the essence of plaintiff's position, as argued at the trial, that paragraph 1807 authorizes duty-free entry not only of the original sculpture or statuary but of any two replicas or reproductions of it, whatever their particular number may be in the series of castings.

Defendant cites our prior decisions in *Angela Gregory* v. *United States*, 32 Cust. Ct. 228, C.D. 1606, and in *Ward Eggleston Galleries et al.* v. *United States*, 34 Cust. Ct. 19, C.D. 1670.

In the *Gregory* case, the 10th casting of a bronze statue had been imported. It was conceded to be a work of art. Only one of the series of castings had

previously been imported into the United States, the *Gregory* importation being the 2d in point of time, although 10th of the castings produced. After review of the law and facts, the court, in an opinion by the late Judge Ekwall, held that only the original and the first two replicas or reproductions *cast* are within the congressional intent, as original sculptures or statuary for which free entry is provided under paragraph 1807. The casting of that importation, being the 10th in the series although the 2d to be imported into the United States, was denied free entry.

In the *Ward Eggleston* case, the importation was a bronze sculpture, one of several that had been cast, and conceded to be a work of art by a recognized sculptor. There was no evidence that the importation was either the original or the first or second reproduction. In an opinion by Judge Johnson, the court held that, absent evidence showing that the importation was the original or a first or second reproduction, it was not entitled to free entry under paragraph 1807.

We are cited by plaintiff to no authority holding the contrary. On the precedents above cited, this reproduction, being number 8 of 10 castings, is not either the original or the first or second reproduction which, under paragraph 1807 of the Tariff Act of 1930, as effective at the time of this importation, are the only original sculptures and statuary entitled to free entry.

Plaintiff raises the issue that the effect of the *Gregory* and *Ward Eggleston* decisions, *supra*, is to make paragraph 1807, so construed, unconstitutional, since it differentiates in duty rate between articles, admitted by the facts here of record, to be alike. It is not necessary to consider this argument exhaustively, inasmuch as plaintiff has not supported his argument by citations or a brief. Suffice it to say that the theory of tariff differentials based on the quantity of particular merchandise imported into the country, lies at the heart of the tariff quota provisions. On the facts before us, and lacking benefit of any support by plaintiff for this argument, we see no merit in this argument of unconstitutionality.

On the authority of *Gregory* and *Ward Eggleston*, *supra*, we hold that this is not an original sculpture or statuary, or the first or second reproductions, under paragraph 1807.

The protest is overruled. Judgment will be entered accordingly.